NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RALPH TAYLOR,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2014-5097

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00759-SGB, Judge Susan G. Braden.

---

Decided: March 17, 2015

---

RALPH TAYLOR, Terre Haute, IN, pro se.

KENNETH DAVID WOODROW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by STUART F. DELERY, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before MOORE, SCHALL, and REYNA, *Circuit Judges.*

PER CURIAM.

### DECISION

Ralph Taylor appeals the final decision of the United States Court of Federal Claims that granted the government's motion for summary judgment and dismissed his complaint. *Taylor v. United States*, No. 13–759 C (Fed. Cl. Apr. 4, 2014). We *affirm*.

### DISCUSSION

### I.

On September 30, 2013, Mr. Taylor, who is an inmate at the Federal Correctional Institution in Terre Haute, Indiana, filed a complaint in the Court of Federal Claims. In the complaint, he alleged that he had submitted to the Department of the Treasury an "[i]nvoice" in the amount of $405,388,872 for damages he suffered as result of the tortious conduct of various officials of the Bureau of Prisons, which invoice had not been paid. He also alleged that, through a sequence of events which he described, an enforceable implied-in-fact contract had arisen between him and the government pursuant to which the government was obligated to pay the invoice. In addition, Mr. Taylor asserted an illegal exaction on the part of the government.

On April 4, 2014, the Court of Federal Claims dismissed Mr. Taylor's complaint for lack of jurisdiction and for failure to state a claim upon which relief could be granted. The court explained that, to the extent Mr. Taylor's claims sounded in tort, it lacked jurisdiction to consider them. *See* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated

damages in cases not sounding in tort."). As far as Mr. Taylor's breach of contract claim was concerned, the court explained that Mr. Taylor had failed to demonstrate the existence of the elements of offer and acceptance and valid consideration necessary for an implied-in-fact contract with the government. *See Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012) ("An implied-in-fact contract with the government requires proof of (1) mutuality of intent, (2) consideration, (3) an unambiguous offer and acceptance, and (4) actual authority on the part of the government's representative to bind the government in contract." (quoting *Hanlin v. United States*, 316 F.3d 1325, 1328 (Fed. Cir. 2003))). Finally, citing *Norman v. United States*, 429 F.3d 1081 (Fed Cir. 2005), the court held that Mr. Taylor's complaint failed to allege an illegal exaction claim. *See id.* at 1095 ("To invoke Tucker Act jurisdiction over an illegal exaction claim, a claimant must demonstrate that the statute or provision causing the exaction itself provides, either expressly or by necessary implication, that the remedy for its violation entails a return of money unlawfully exacted." (internal quotation marks omitted)).

Mr. Taylor timely appealed the dismissal of his complaint. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II.

We review without deference a decision of the Court of Federal Claims dismissing a complaint for lack of jurisdiction and/or for failure to state a claim upon which relief could be granted. *Nw. La. Fish & Game Pres. Comm'n v. United States*, 574 F.3d 1386, 1390 (Fed. Cir. 2009); *Bay View, Inc. v. United States*, 278 F.3d 1259, 1263 (Fed. Cir. 2001). We have reviewed the decision of the Court of Federal Claims in this case. The court's decision is careful and thorough, addresses all of Mr. Taylor's arguments,

and is free of legal error.  It is therefore affirmed in all respects.

## **AFFIRMED**

No Costs.